UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

AXIL MARTINEZ,

    PLAINTIFF,

Case No. CV 10-0671

-AGAINST-

NEW YORK CITY, SERGEANT MICHAEL DANNECKER, DETECTIVE EDWARD WILSON, DETECTIVE TIMUR EVREN, and POLICE OFFICERS JOHN DOES 1-4, Individually, and as members of the NEW YORK CITY POLICE DEPARTMENT,

    DEFENDANTS.

---------------------------------------------------------------x

**VERIFIED COMPLAINT**

ECF CASE

BLOCK, J.

J. ORENSTEIN, M.J

*FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ FEB 17 2010 ★ BROOKLYN OFFICE*

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an incident on March 28, 2009, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected plaintiff Mr. Axil Martinez ("Mr. Martinez") to, *inter alia*, false arrest, and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction over plaintiff's state law claims is asserted pursuant to 28 USC 1367.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that plaintiff Mr. Martinez resides in Kings County, and the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Mr. Martinez is a citizen of the United States and at all times here relevant resided in Kings County, New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Detective Edward Wilson, Shield 5683 of the Brooklyn South Narcotics ("Detective Wilson"), Detective Timur Evren ("Detective Evren"), Sergeant Michael Dannecker ("Sergeant Dannecker"), and Police Officers John Doe 1-4 ("POs John Does 1-4), at all times here relevant were members of the New York City Police Department, ("NYPD") and Brooklyn South Narcotics Taskforce ("Brooklyn South") and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## NOTICE OF CLAIM

11. Within ninety days of March 29, 2009, plaintiff filed a written notice of claim with the New York City Office of the Comptroller. Over ninety days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On March 28, 2009, at approximately 4:30 a.m., Mr. Martinez, along with a group of friends, were in a bar called "Bianky" located at 2340 Coney Island Avenue, Brooklyn, New York.

13. While Mr. Martinez and his friends were inside of said bar, members of the NYPD entered and informed the patrons that the NYPD was executing a search warrant and that all patrons were to remain in the bar.

14. Mr. Martinez complied with the order to remain in the bar.

15. The patrons in the bar were then informed that they would be subject to a frisk before being allowed to exit the bar.

16. Mr. Martinez was frisked and granted permission to leave the bar.

17. Upon leaving the bar Mr. Martinez realized that he had left his cell phone inside.

18. Mr. Martinez approached PO John Doe 1, who was securing the door of the bar, and asked permission to retrieve his phone. Mr. Martinez was told by PO John Doe 1, "Get the fuck out of here. Go home. Fuck your phone".

19. Mr. Martinez then informed PO John Doe 1 that his phone cost five hundred dollars and asked if he could please help him get it. John Doe 1 once again refused Mr. Martinez's request and told him "Go home! Get the fuck out of here"!

20. Suddenly, without provocation and without warning, Mr. Martinez was struck, from behind, in the head with a heavy, hard object. This blow caused Mr. Martinez to fall to the ground.

21. While on the ground, upon information and belief, Detective Wilson, Detective Evren, and POs John Doe 1-3 repeatedly struck Mr. Martinez about his face, head, shoulders, back, arms and legs with kicks, punches, and hard objects.

22. In an attempt to defend himself Mr. Martinez covered his head while Detective Wilson, Detective Evren, and POs John Doe 1-3 continued to attack him. Mr. Martinez pleaded with Detective Wilson, Detective Evren, and POs John Doe 1-3 to stop, and asked "Why are you doing this to me?" to which one of the them replied "We told you. You should have left."

23. Detective Wilson, Detective Evren, and POs John Doe 1-3 ignored Mr. Martinez's pleas and continued to kick and punch Mr. Martinez about his head, face and body.

24. At some point, Mr. Martinez went limp from the attack.

25. Mr. Martinez was then handcuffed.

26. After being handcuffed, Detective Wilson, Detective Evren, and POs John Doe 1-3 once again punched, kicked and struck Mr. Martinez with objects about the face and body.

27. After Detective Wilson, Detective Evren, and POs John Doe 1-3 finished beating Mr. Martinez, they transported him to the 61st Precinct in a police van.

28. At the precinct Mr. Martinez requested medical attention. He was observed by members of the New York City Fire Department medical personnel. Mr. Martinez

asked to be taken to the hospital, but was informed by a police officer that the "process" would take longer if he went to the hospital.

29. On or about March 29, 2009, Mr. Martinez was arraigned in Kings County Criminal Court and charged with Obstruction of Governmental Agency and Resisting Arrest. Mr. Martinez was released on his own recognizance.

30. Upon his release, Mr. Martinez called 311 and the Civilian Complaint Review Board to file a complaint about the beating by Detective Wilson, Detective Evren, and POs John Doe 1-3.

31. On or about March 31, 2009, Mr. Martinez went to a Doctor for his injuries, which included bruising over his face and body, several bumps on his head, blood in his eye, scrapes and cuts on his hands, pain in his jaw, hand and leg, and a hernia in his stomach.

32. Mr. Martinez continues to have trouble with these injuries to the present day.

33. Mr. Martinez continues to feel traumatized by the events of March 28, 2009, and is wary and fearful when he see NYPD officers, and is scared that one of the officers who attacked might see him again. Mr. Martinez takes efforts to avoid police officers when in public.

34. Mr. Martinez suffered at work following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

35. On or about September 17, 2009, the charges against Mr. Martinez were dismissed.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

36. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

37. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

38. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

39. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

42. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by the plaintiffs.

43. The defendants unreasonably and unjustifiably confined plaintiff.

44. Plaintiff was aware of, and did not consent to, his confinement.

45. The confinement was not privileged.

46. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by the defendants.

50. The malicious prosecution was initiated by the defendants without legal justification and without probable cause, in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

51. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Monell Claim)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

7

53. The City, and Sergeant Dannecker and John Doe 4, respectively, were supervisors and final decision makers, and as a matter of policy and practice, have acted with a reckless indifference to plaintiff's rights under the Constitution and laws of the United States. They are thus liable for the damages suffered by plaintiff as a result of the conduct of the other defendants listed in the complaint in the illegal and wrongful acts detailed above.

54. The City, and Sergeant Dannecker and John Doe 4, knew or should have known of their employees' propensity to engage in the illegal and wrongful acts detailed above. The aforementioned incident was not an isolated incident. The City, and Sergeant Dannecker and John Doe 4 have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review board as well as newspaper articles in the NY Times, New York Post, Daily News) that many of Brooklyn South's police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause, as well as the correct technique that should be properly employed in executing an arrest. Moreover, they are aware that a "wall of silence" exists by which police officers assault citizens during arrests and deprive them of their liberty without fear of reprisal. The City, and Sergeant Dannecker and John Doe 4 compound this problem by failing to discipline officers for not reporting fellow officers' misconduct that they have observed.

55. The City, and Sergeant Dannecker and John Doe 4 knew or should have known that the police officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this instance.

56. The City, and Sergeant Dannecker and John Doe 4 have failed to take the steps necessary to train supervise or otherwise correct improper illegal conduct of the individual defendants in this and other cases, and as a result have damaged plaintiff in an amount believed to equal or exceed $500,000.00.

## FIFTH CAUSE OF ACTION

### (ASSAULT)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants approached plaintiff, and made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

59. Defendants are liable to plaintiff under the laws of the State of New York and the New York State Constitution.

60. Plaintiff was damaged by defendants' assault in an amount believed to equal or exceed $500,000.00.

## SIXTH CAUSE OF ACTION

### (BATTERY)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. The defendants subjected plaintiff to immediate harmful and offensive touching, and battered him.

63. Defendants are liable to plaintiff under the laws of the State of New York and the New York State Constitution.

64. Plaintiff was damaged by defendants' BATTERY in an amount believed to equal or exceed $500,000.00.

## SEVENTH CAUSE OF ACTION

### (CONSTITUTIONAL TORT)

65. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

66. The defendants acting under color of law, violated plaintiff's rights pursuant to Sections 6, add 12, respectively of the New York State Constitution.

67. A damages remedy is necessary here to enforce the purposes of Sections 6, and 12, of the New York State Constitution, and ensure the full realization of plaintiff's rights under those sections.

68. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the New York State Constitution in an amount believed to equal or exceed $500,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues raised in this Complaint.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 17, 2010

By: _____
Duncan Peterson (DP 7367)

PETERSONDELLECAVE LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075